1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   YELLOWCAKE, INC.,                    No. 1:20-cv-00067-DAD-EPG

12            Plaintiff,

13       v.                               ORDER TO SHOW CAUSE WHY
                                          REMOVAL OF THIS ACTION IS
14   ALBERTO MITCHELL, et al.,            APPROPRIATE

15            Defendants.

16

17

18          On December 12, 2019, plaintiff Yellowcake, Inc. ("Yellowcake") commenced this action

19   against various defendants in the Stanislaus County Superior Court.  (Doc. No. 1-1.)  On January

20   13, 2020, defendants removed the action to this federal court.  (Doc. No. 1.)  The notice of

21   removal states that this court has subject matter jurisdiction over this action pursuant to 28 U.S.C.

22   §§ 1338 and 1545, both of which confer jurisdiction to a district court over an action asserting

23   claims for relief "arising under any Act of Congress relating to . . . copyrights."  (*See also* Doc.

24   No. 1 at 2.)  Although Yellowcake's complaint does reference copyrighted works, it is not clear to

25   the court that Yellowcake is asserting claims for relief that arise under an act of Congress relating

26   to copyrights.  Accordingly, defendants must provide additional information for the court to be

27   able to determine whether the claims asserted in Yellowcake's complaint arise under an act of

28   Congress relating to copyrights.

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "A suit may be removed to federal court under 28 U.S.C. § 1441(a) only if it could have been brought there originally." *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368 (9th Cir. 1987). A district court has "a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not." *United Invs. Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004).

"The Federal courts have exclusive jurisdiction of all cases arising under the [copyright] laws, but not of all questions in which a [copyright] may be the subject-matter of the controversy. For courts of a state may try questions of title, and may construe and enforce contracts relating to [copyrights]." *T. B. Harms Co. v. Eliscu*, 339 F.2d 823, 826 (2d Cir. 1964); *see also JustMed, Inc. v. Byce*, 600 F.3d 1118, 1123 (9th Cir. 2010) ("This court has adopted the Second Circuit's test in *T.B. Harms*."). "An action 'arises under' the Copyright Act if and only if the complaint is for a remedy expressly granted by the Act, *e.g.,* a suit for infringement or for the statutory royalties for record reproduction, 17 U.S.C. § 101, or asserts a claim requiring construction of the Act . . . or, at the very least and perhaps more doubtfully, presents a case where a distinctive policy of the Act requires that federal principles control the disposition of the claim." *JustMed, Inc.*, 600 F.3d at 1123–24 (internal quotation marks and citation omitted). "In summary, the *T.B. Harms* test requires the district court to exercise jurisdiction if: (1) the complaint asks for a remedy expressly granted by the Copyright Act; (2) the complaint requires an interpretation of the Copyright Act; or (3) federal principles should control the claims." (*Id.* at 1124) (internal quotation marks and citation omitted).

In their removal papers, defendants assert that this court has jurisdiction over this action because Yellowcake "asserts claims for relief relating to copyrights" (Doc. No. 1 at 2), but "[t]he mere fact that an action involves a copyright 'does not satisfy federal jurisdiction requirements.'" *Beach Front Villas, LLC v. Rogers*, No. CV 18-00457 LEK-RLP, 2019 WL 1223305, at *5 (D. Haw. Mar. 15, 2019) (quoting *Vestron, Inc. v. Home Box Office, Inc.*, 839 F.2d 1380, 1381 (9th Cir. 1988)). Accordingly, defendants are hereby directed to show cause in writing within fourteen (14) days of service of this order why removal of this action is appropriate in light of the

standards articulated above.  *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.").  Should Yellowcake wish to express its position on this question, it may file a response within seven (7) days of defendants filing their response to this order to show cause.

IT IS SO ORDERED.

Dated:  __**January 16, 2020**__      _____

UNITED STATES DISTRICT JUDGE