UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YELLOWCAKE, INC., | No. 1:20-cv-00067-DAD-JDP |
| Plaintiff, | |
| v. | ORDER DISCHARGING THE ORDER TO SHOW CAUSE |
| ALBERTO MITCHELL, et al., | (Doc. No. 5) |
| Defendants. | |

On January 16, 2020, this court issued an order to show cause as to why removal of this action is appropriate. (Doc. No. 5.) In particular, the court noted that defendants Alberto Mitchell, Maria Mitchell, and Platino Records (collectively, "defendants") had removed this action to this federal court on the basis of federal question jurisdiction grounded on plaintiff Yellowcake, Inc.'s references to copyrighted work in its complaint, even though it was not entirely clear to the court that plaintiff was asserting claims for relief arising under an act of Congress relating to copyrights. (*Id.* at 1.) Defendants timely filed a response to the order to show cause on January 30, 2020. (Doc. No. 7.) Plaintiff did not reply to defendants' response.

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "A suit may be removed to federal court under 28 U.S.C. § 1441(a) only if it could have been brought there originally." *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368 (9th Cir. 1987). A district court has "a duty to establish subject matter

jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not." *United Invs. Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004).

"The Federal courts have exclusive jurisdiction of all cases arising under the [copyright] laws, but not of all questions in which a [copyright] may be the subject-matter of the controversy. For courts of a state may try questions of title, and may construe and enforce contracts relating to [copyrights]." *T. B. Harms Co. v. Eliscu*, 339 F.2d 823, 826 (2d Cir. 1964); *see also JustMed, Inc. v. Byce*, 600 F.3d 1118, 1123 (9th Cir. 2010) ("This court has adopted the Second Circuit's test in *T.B. Harms*.").

> [A]n action "arises under" the Copyright Act if and only if the complaint is for a remedy expressly granted by the Act, e.g., a suit for infringement or for the statutory royalties for record reproduction, or asserts a claim requiring construction of the Act, . . . or, at the very least and perhaps more doubtfully, presents a case where a distinctive policy of the Act requires that federal principles control the disposition of the claim.

*T. B. Harms*, 339 F.2d at 828 (internal citations omitted). "In summary, the *T.B. Harms* test requires the district court to exercise jurisdiction if: (1) the complaint asks for a remedy expressly granted by the Copyright Act; (2) the complaint requires an interpretation of the Copyright Act; or (3) federal principles should control the claims." *JustMed*, 600 F.3d at 1124 (internal citations omitted).

Here, defendants argue that they have removed this matter to federal court because the allegations of the complaint sound in copyright. (Doc. No. 7 at 2–5.) "The owner of a copyright has several exclusive rights under the Copyright Act, the most relevant being the rights to *reproduce the work*, create derivative works, and *distribute the work*. 17 U.S.C. § 106(1)-(3)." *JustMed*, 600 F.3d at 1124 (emphasis added). Here, plaintiff's complaint alleges that

> [p]ursuant to an Asset Purchase and Assignment Agreement, dated May 1, 2017, Plaintiff purchased the entirety of the musical compositions, recordings, masters content, audio files, artwork, *copyrights*, trademarks and other rights (collectively, "MAR Catalog") created or owned by MAR International Records, Inc., a California corporation ("MAR").

(Doc. No. 1-1 ("Compl") at ¶ 8) (emphasis added). Plaintiff asserts that it is the sole owner of the MAR Catalog and no other party has any rights to it. (*Id.* at ¶ 9.) Thus, it appears that plaintiff's

allegation that defendants "have distributed, and continue to distribute, certain items of the MAR Catalog digitally to various third parties without the authority of Plaintiff" (Compl. at ¶ 10), is an allegation that defendants have infringed upon plaintiff's exclusive rights under the Copyright Act.

Defendants persuasively argue that the remedies plaintiff seeks through this action are expressly granted by the Copyright Act. (Doc. No. 7 at 5.) Defendant notes that plaintiff asserts that it is "entitled to all the revenue, income, royalties and other compensation generated, directly or indirectly, from the distribution of the MAR Catalog ('MAR Revenue')." (*Id.* at ¶ 11.) The complaint then lists the following causes of action: accounting, declaratory relief, conversion, claim and delivery, injunctive relief, general and special damages, exemplary and punitive damages, and attorneys' fees and costs. (Compl. at 16–17.) These are some of the same remedies expressly provided under the Copyright Act for copyright infringement. *See* 17 U.S.C. §§ 502–05 (listing injunctions, impounding and disposition of infringing articles, damages and profits, and costs and attorneys' fees as the remedies for copyright infringement). Because "the complaint asks for a remedy expressly granted by the Copyright Act," *JustMed*, 600 F.3d at 1124, this court must exercise jurisdiction.

Accordingly, the court's order to show cause (Doc. No. 5) is hereby discharged.

IT IS SO ORDERED.

Dated: **June 17, 2020**

_____
UNITED STATES DISTRICT JUDGE